**In re William Anthony MELTON, Debtor.**

**Bankruptcy No. BK 89–01292.**

United States Bankruptcy Court,
N.D. Alabama, W.D.

Sept. 1, 1989.

Edwina E. Miller, Tuscaloosa, Ala., for debtor.

Jane K. Dishuck, Tuscaloosa, Ala., Standing Trustee.

Donna Wesson Smalley, Tuscaloosa, Ala., for Baber's Leasing.

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

The above-styled case came before the Court for confirmation on August 4, 1989. On August 15, 1989, Baber's Leasing, a creditor of the Chapter 13 debtor, filed an appeal of the Bankruptcy Court's Confirmation Order. An appeal having been taken, this Court hereby, in accordance with paragraph 7 of the Confirmation Order[1], makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACT

On July 11, 1989, the debtor, William Anthony Melton, filed a petition under Chapter 13 of the Bankruptcy Code. On July 14, 1989 the debtor filed an Amendment to List of Creditors naming Baber's Leasing as a creditor. A notice for meeting of creditors was mailed to Baber's Leasing setting the Section 341(a) meeting date for August 4, 1989 at 8:30 a.m. and the confirmation hearing at 9:00 a.m. Such notice included the following:

> During this confirmation hearing, the Court may on it's own motion receive evidence of the value of collateral and determine allowed secured claims or secured portions of allowed claims, and will consider objections to confirmation of the plan and debtor attorney's claim for fees as well as conversions or dismissal of this case on request made before or at the hearing by any party in interest.[2] All proofs of claim must have supporting documentation including address of claimants attorney/agent.

As of August 4, 1989, Baber's Leasing had not filed its proof of claim.[3] The creditor made no objection to the debtor's plan prior to confirmation as required by Local Rule 18. There being no objection by Baber's, the Court confirmed the plan and set payments to Baber's at $25.00 per month upon filing a properly perfected proof of claim.

The creditor filed its appeal on August 15, 1989. Baber's objects to confirmation of the debtor's plan on the basis that the agreement entered into between the debtor and Baber's Leasing was a true lease and not a credit sale.

### CONCLUSIONS OF LAW

This Court has previously addressed the issue of what constitutes a true lease or disguised credit sale. On January 20, 1989 this Court entered an opinion and order in the consolidated cases of *Mattie Pearl Burton, Jacqueline Norwood, Nellie Mary*

---

1. The Confirmation Order was entered August 10, 1989, and provided that, "the Court reserves jurisdiction to make additional findings of fact and conclusions of law in the event of an appeal".

2. See Local Rule 22, which provides as follows: The Court may on its own motion hold a hearing to value security or collateral, as provided in Code Section 506(a), concurrently with a confirmation hearing pursuant to Code Section 1128(a), 1224, or 1324, as it may then appear appropriate. If no creditable evidence of value has been presented, the Court may consider a value stated in the schedules of the debtor(s), in allowing a secured claim.

3. The appeal was filed August 15, 1989 and as of that date Baber's Leasing had still not filed its proof of claim.

*Ward, Deletha Washington, Josephine Woods,* 128 B.R. 807 (Bkrtcy.N.D.Ala.1989) holding that the "Rental Agreements" were actually disguised credit sales. The opinion and order of January 20, 1989 was Affirmed by District Court Judge Clarence Allgood on July 19, 1989. *Colortyme v. Burton et al.,* 128 B.R. 820 (N.D.Ala. July 19, 1989).

 The opinion in the above referenced consolidated cases relied in part upon the case of *In re Puckett,* 60 B.R. 223 (Bkrtcy. M.D.Tenn.1986). In *Puckett* Bankruptcy Judge Keith M. Lundin set out 14 factors to be considered in determining whether a rental agreement is a true lease or disguised credit sale. Among these factors were:

   (1) Intent of the Parties

   (2) Insurance and Risk of Loss

   (3) Default Provisions

   (4) Useful Life of the Item

   (5) Sophistication of the Parties

This Court finds the above-referenced factors applicable to the case at bar and indicative of a credit sale and as such is compelled to hold that the "rental agreement" is in reality a credit sale and not a true lease.

As additional support for confirming the debtor's Chapter 13 plan this Court looked to the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama.[4] Local Rule 18 is entitled "Objections to Confirmation in Chapter 13" and provides:

> At least one business day before the date set for hearing on confirmation of the debtor's plan, a creditor objecting to confirmation shall file with the court and serve upon the debtor and the trustee an objection to confirmation stating with particularity the grounds therefor. Except for good cause shown, objections to confirmation will not be considered by the court unless service has been made in accordance with this rule.

The creditor did not file an objection to the plan within the designated time. Clearly, such failure to file and serve the objection within the designated time period is in violation of Local Rule 18 and the Court accordingly confirmed the debtor's chapter 13 plan.

## CONCLUSION

The Bankruptcy Court cannot be put in error for confirming a Chapter 13 plan where there was no objection prior to confirmation and the "Rental Agreement" of Baber's Leasing constitutes a credit sale and not a true lease.

DONE AND ORDERED.

---

**4.** The Local Rules became effective June 1, 1989. The debtor's case was filed July 11, 1989

—clearly after the effective date of the Local Rules.